UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-_____-CIV-XXX/XXX

**Alexander Ramirez**, individually and on behalf of others similarly situated,

    Plaintiff,

vs.

**Supersonic of Florida, Inc.**, a for profit Florida corporation; **Juan C. Gonzalez**, individually, and; **Nidia Hernandez**, individually,

    Defendants.

CLASS REPRESENTATION

# FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Alexander Ramirez, individually, and on behalf of others similarly situated, sues Defendant, Supersonic of Florida, Inc., Juan C. Gonzalez, and Nidia Hernandez, and alleges:

## JURISDICTIONAL ALLEGATIONS

1. This lawsuit is an action to recover money damages for unpaid minimum and overtime wages brought under the laws of the United States of America and under Florida common law and statutes, including §448, Florida Statutes. This Court enjoys jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., §§201-219 ("FLSA"), 28 U.S.C. §1367, §448, Florida Statutes, and § 24, Art. X of the Florida Constitution.

2. Plaintiff Alexander Ramirez worked as a local delivery driver for a cargo delivery company known as Supersonic of Florida, Inc. Mr. Ramirez, together with any other person who may hereafter consent to join in this lawsuit, is and are "employees" within the meaning of 29 U.S.C. §203(e). He was employed from approximately August 2016 through approximately early October 2019.

3. Defendant Supersonic of Florida, Inc., is a Florida corporation and a "person" and "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to as the "Employer" or "Supersonic". Moreover, the "Employer" is individually – and together with others through whom it operates – an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

4. Defendant Juan C. Gonzalez is an individual and principal of "Supersonic" and an employer within the meaning of 29 U.S.C. 203(d).

5. Defendant Nidia Hernandez is an individual and principal of "Supersonic" and an employer within the meaning of 29 U.S.C. 203(d).

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, 1367 and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Defendants – individually and together – at all times material to this action constituted an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C., §§ 203(r) and 203(s).

## CLASS ALLEGATIONS UNDER THE FLSA

8. The Plaintiff is similarly situated to other persons employed as a "Local Delivery Driver" by the Employer during any part of the preceding three-year period commencing upon the filing of this lawsuit.

9. The named Plaintiff, and those similarly situated, work or worked for a variable flat weekly rate without regard to the number of hours actually worked. In fact, the Employer does not

keep time-keeping records for hours worked by the Plaintiff, others similarly situated, or any of its employees.

10. In addition to the flat weekly payments, Plaintiff could also earn an additional stipend or fee of $100 per day if he provided his own delivery vehicle when making deliveries.

11. Plaintiff was not always paid his weekly salary when due or on the regularly scheduled pay day.

## ATTORNEY'S FEES

12. Plaintiff has engaged the services of the undersigned attorneys and have agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

13. Plaintiff and others similarly situated are entitled to an award of prevailing party attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority. Additionally, Plaintiff and others similarly situated are entitled to fees and costs pursuant to Florida Statute §448.08, and other related authority.

## - COUNT I -
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Minimum Wages)

Plaintiff, and others similarly situated, realleges ¶¶ 1-13, as though fully set forth herein.

14. At all times during their employment, the Plaintiff and others similarly situated were employees required to be finally and unconditionally paid a minimum hourly wage for every hour worked during the applicable, established pay period. Further, they were entitled to timely receive such compensation on the established regular pay date.

15. Since at least March 2017 through the present, the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to pay the Plaintiff, and other

similarly situated employees, a minimum hourly wage during applicable pay periods. The Defendants accomplished this by, among other factors: (a) failing to finally and unconditionally pay at least the applicable minimum hourly wage for every hour worked during numerous covered pay periods as required by law, and; (b) by failing to pay the required wages on the date due.

16. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.1, *et. seq*. in that Plaintiff, and those similarly situated, performed services for the benefit of the Defendants for which they were paid below the minimum wage rates required under both federal law, and under applicable Florida law and Constitution, which higher minimum wage rates are made applicable under the FLSA. Other persons who may become plaintiffs in this action also provided labor as hourly-rate employees and/or former employees of the Employer and have also been systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

17. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the timely, complete, and unconditional payment of minimum wages, and accordingly remains owing the named Plaintiff and other similarly situated employees all unpaid minimum hourly wages for every hour worked during the three year period preceding this lawsuit.

WHEREFORE, Plaintiff, and others similarly situated demand the following: payment of minimum wages for every hour worked during every pay period, or as much as is allowed by the Fair Labor Standards Act, whichever is greater, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances. Also, in the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiff and

those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

## - COUNT II -
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Wages)

Plaintiff, and others similarly situated, realleges ¶¶ 1-13, as though fully set forth herein.

18. At all times during his employment, Plaintiff, and those similarly situated, was a protected employee required by law to be paid by the hour for work performed for the Employer.

19. The Employer was required to be paid at the rate of one-and-half times his regular hourly rate for those hours he worked in excess of forty during any given workweek.

20. Plaintiff routinely worked many overtime hours but his overtime hours were routinely and systematically not paid at all, or not paid at the applicable premium rate.

21. Other current and former similarly situated employees of the Employer were also not paid overtime wages as required by law.

22. At all times material to this action, the Employers failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employers to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA. Other persons who are – or who may become – Plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employers. Said other persons were also subject to the payroll practices and procedures described above.

23. The Employers failed to pay overtime compensation to Plaintiff, and those similarly situated, based upon factors to include the following: (a) Plaintiff was not paid for most of the many hours he worked in excess of forty during the vast majority of his workweeks; (b) the Employers completely failed to maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; (c) the Employers have failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

24. The Employers knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiff and other similarly situated employees their overtime wages due from the commencement of their employment and, as a result, they are entitled to recover double or liquidated damages.

WHEREFORE, Plaintiff and others similarly situated request double damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial, and for all unpaid overtime wages owing Plaintiff and those similarly situated employees for their entire applicable employment period, or as much as is allowed by the FLSA, whichever is greater. In the event that Plaintiff and those similarly situated employees do not recover double damages, then Plaintiff and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

## - COUNT III -
## BREACH OF AGREEMENT TO PAY WAGES

Plaintiff realleges ¶¶ 1 through 13 as though fully set forth herein.

25. At all times during his employment, the Plaintiff, and those similarly situated, were employees whom the Employers had agreed to pay a lawful wage.

26. The Employers breached the agreement by failing to pay any wage at all for his last four weekly pay periods.

27. At the time his employment with the Employers ended on or about October 2, 2019, the Employers owed Plaintiff his wages, which are due several weeks in arrears.

WHEREFORE, Plaintiff, and those similarly situated, demand the following: payment of all accrued unpaid wages and commissions and payments promised under the pay plan, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## JURY DEMAND

28. Plaintiff demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: April 15, 2020

        **ANTHONY F. SANCHEZ, P.A.**
        ATTORNEYS FOR PLAINTIFF
        6701 SUNSET DRIVE, SUITE 101
        MIAMI, FLORIDA 33143
        TEL.:   305-665-9211
        FAX:   305-328-4842
        EMAIL:  afs@laborlawfla.com

        BY:  /s/ Anthony F. Sanchez
              ANTHONY F. SANCHEZ
              FLORIDA BAR NO.789925