UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-21592-CIV-GAYLES/Otazo-Reyes

| | |
|---|---|
| **Alexander Ramirez**, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>vs.<br><br>**Supersonic of Florida, Inc.**, a for profit Florida corporation; **Juan C. Gonzalez**, individually, and; **Nidia Hernandez**, individually,<br><br>        Defendants. | CLASS REPRESENTATION |

**PLAINTIFF'S VERIFIED MOTION TO ENFORCE COURT-APPROVED [DE 20] SETTLEMENT AGREEMENT AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff, Alexander Ramirez ("Ramirez" or "Plaintiff"), by and through undersigned counsel hereby files this verified motion and states as follows:

### I.      FACTUAL ALLEGATIONS VERIFIED BY COUNSEL

1.      The Plaintiff filed his "Fair Labor Standards Act Complaint" [DE 1] on April 15, 2020 as a collective action pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), *inter alia*. 29 U.S.C. §216(b). The FLSA Complaint was served on Defendants on April 23, 2020. See Returns of Service attached as composite **Exhibit "1"**. The FLSA Complaint alleges violations under the FLSA of minimum wage and overtime requirements and under a Florida common law claim for unpaid wages.

2.      In accordance with the Court's "Notice of Court Practice" [DE 5], Plaintiff also filed and served the Plaintiff's Statement of Initial Estimate of FLSA Wage Claims [DE 6].

3.      All Defendants were represented by the same attorney, who made an appearance for all Defendants. See D.E. 8, 9 and 12. Defendants remain represented by the same attorney.

Defendants are hereinafter jointly referred to as "Employer".

4.      The Employer never responded to the Complaint, nor to the Plaintiff's Initial Estimate of Claim. Rather, the Employer sought and was granted two extensions of time to respond.

5.      Before responding to the Complaint or the Initial Statement of Claim, the Defendants agreed to settle this case pursuant to the terms of a confidential settlement agreement that was reduced to writing, signed by the Employer, and then (on June 8 2020) submitted to the Court via email for *in camera* consideration and approval [DE 19]. Court approval of the settlement agreement was required because Plaintiff's claims included FLSA violations. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982).

6.      On June 8, 2020 -- the same day the joint motion was submitted to the Court by the parties -- the Court entered an Order approving the settlement agreement [DE 20].

7.      The approved Settlement Agreement specifically ***required*** that the Employer "shall" make four equal payments to Plaintiff, on or before dates certain. The agreement also provided that the terms of the agreement could not be modified or altered in any way except upon express written agreement of the parties.

8.      The Plaintiff has never consented to any change or alteration of the expressed terms of the Settlement Agreement.

9.      The Employer failed to make the first payment within the period required by the Court-approved settlement agreement.

10.     The Employer also failed to make the second payment within the period required by the Court-approved settlement agreement.

11.     The Employer has NOT made the third mandatory payment by the date required, August 14, 2020. The third payment is now  three (3) days past due.

12.     Under the Settlement Agreement and the Paperless Order approving the same, the Court reserved jurisdiction to enforce the settlement; moreover the court-approved Settlement Agreement specifically provides for an award of fees and costs incurred in any litigation brought to enforce the terms of the settlement.

13.     The Employer has breached the Settlement Agreement, by failing to voluntarily make the first and second required payments within the time provided by the Settlement Agreement, and by failing to make the third required payment altogether. The third required payment is now past due, and after numerous communications with counsel for Defendants, there is no reason to expect that the payment will be made as required.

14.     Plaintiff is entitled to relief based upon the Employer's breach of a material term of the settlement. The Court is fully authorized to summarily enforce settlement. *Cia Anon Venezolana de Navegacion v. L Harris*, 374 F. 2d 33, 36 (5th Cir. 1967)[1].

15.     Plaintiff requests the Court summarily enter Final Judgment against Defendants by way of enforcement of the Settlement Agreement, essentially reducing the Employer's obligation under the agreed terms of settlement in a way that permits Plaintiff to execute and levy against the assets of Defendants through supplementary proceedings in aid of execution. A form of proposed Final Judgment is attached hereto as composite **Exhibit** "**2**".

16.     Pursuant to 28 U.S.C. §1746, I execute this Verified Motion to Enforce Court-Approved Settlement Agreement and Memorandum of Law in Miami-Dade County, Florida, United States.  I declare under penalty of perjury that the foregoing is true and correct.

/s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No. 0789925

---

[1] /     The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals entered on or before September 30, 1981. *Bonner v City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

## MEMORANDUM OF LAW

Under the term of the Settlement Agreement, the Court retains jurisdiction to enforce the terms of settlement under applicable Florida law. Under Florida law, settlement agreements are analyzed under principals of contract, both in terms of construction and enforcement. *Schwartz v. Fla. Bd. of Regents*, 807 F. 2d 901, 905 (11th Cir. 1987). In order for a party to compel enforcement of a settlement agreement, the terms must be sufficiently specific and mutually agreed upon as to every essential element. *Carpaneda v. Quayside Place Partners, LLP*, No. 09-20740 at * 1 (S.D. Fla. July 7, 2010), citing *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003); *see also Don L. Tullis & Assoc., Inc. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985). Uncertainty as to nonessential terms will not preclude enforcement of a settlement agreement. *Speigel*. The party seeking to enforce a settlement agreement bears the burden of showing that the opposing party assented to the terms of the agreement. *Long Term Management, Inc. v. Univ. Nursing Center, Inc.*, 704 So. 2d 669, 673 (Fla. 1st DCA 1997). There must be offer, acceptance, and consideration. *See Don L. Tullis & Assoc., Inc. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985). An enforceable settlement agreement will be enforced only when all of the material terms are clear, definite and capable of proof. *Reed v. United States*, 717 F. Supp. 1511, 1516-17 (S.D. Fla. 1988). The Settlement Agreement in this case is clear, unambiguous, supported by valid consideration, and can be easily proved. Indeed the fully executed Settlement Agreement was submitted to the Court for approval and was in fact approved. The Court retained jurisdiction to enforce the settlement agreement.

### A. The Parties Assented to the Terms of the Agreement.

The Plaintiff and the Defendants assented to the terms of the agreement by entering into a written settlement agreement signed by the parties. The parties also jointly submitted the Settlement Agreement to the Court for approval. DE 19. The Court scrutinized the Settlement

Agreement as required by controlling authority (*Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982)) and approved the same [DE 20], implicitly finding the same to be a fair resolution of a disputed controversy.

### B.  There was Offer, Acceptance, and Consideration.

Both parties knowingly, thoughtfully, and deliberately entered into the written Settlement Agreement while represented by respective counsel with many years of experience. Settlement agreements are highly favored and are enforced whenever possible because they end litigation. *See Robbie v. City of Miami,* 469 So. 2d 1384, 1385 (Fla.1985). *See also Pearson v. Ecological Science Corp.,* 522 F.2d 171 (5th Cir.1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976); *Dorson v. Dorson,* 393 So.2d 632 (Fla. 4th DCA 1981).

Under the terms of the Settlement Agreement, the parties made mutual promises which are indisputably sufficient consideration to support enforcement of the contract. It is well-settled that a promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do. *Cintas Corp. No. 2 v. Schwalier*, 901 So. 2d 307 (Fla. 1DCA 2005), citing *Diaz v. Rood*, 851 So.2d 843 (Fla. 2DCA 2003). In the case at hand, as previously mentioned, the Settlement Agreement was subjected to judicial scrutiny and approved by the Court [DE 20]. The Court expressly retained jurisdiction to enforce the settlement in the event of breach [Id.].

### C.  The Material Terms of Settlement are Clear, Definite and Capable of Proof.

The material terms of the Settlement are set forth in writing, and include the requirement that Defendants "shall" make payments of a specified amount, by a specified time. The Defendants have failed to make timely payments and there has been no alteration or modification of the obligations thereunder.

**D.**      **The Court Enjoys Continuing Jurisdiction and May Summarily Enforce**

**Settlement.** Under the terms of the settlement, and the order approving it, the Court expressly

reserved jurisdiction to enforce the Settlement Agreement It is well-established that a "district

court has jurisdiction to enforce settlement agreements…" and to reserve jurisdiction after

dismissal in order to do so. *Am. Appraisal Assoc. Inc. v. Am. Appraisals. Inc.,* 531 F.Supp.2d 1353,

1357 (S.D. Fla. 2008), quoting *Le Bon Pain, Inc. v. Guyon and Co., Inc.,* 720 F. Supp. 983, 984-

85 (S.D.Fla.1989); *see also Reed v. United States,* 717 F. Supp. 1511, 1514 (S.D.Fla. 1988)

(district court retains inherent authority to "summarily enforce a settlement agreement entered into

by litigants while litigation is pending before it,"). As the court in *Le Bon Pain* explained:

> Unfairness could result if a court were deprived of jurisdiction in a pending case.
> A party seeking to avoid adjudication in federal court could unilaterally deprive the
> court of jurisdiction by feigning agreement to a settlement. If that party later refuses
> to sign a stipulation of settlement and does not fulfill its obligations under the
> agreement, the other party's only recourse would be to take the time-consuming
> step of bringing a separate enforcement action. Faced with this unsavory prospect,
> parties may hesitate before engaging in serious settlement discussions.

*Id.* at 985. In this case, it cannot be disputed that the parties entered into a binding Settlement

Agreement, since the agreement was reduced to writing, jointly submitted to the Court for approval

and was, in fact, approved by the Court as required by law. The Agreement provided that the Court

would retain jurisdiction. This Court expressly reserved jurisdiction to enforce the settlement in

the Paperless Order approving Settlement. Federal courts have held under a great variety of

circumstances that a settlement agreement once entered cannot be repudiated by either party and

will be summarily enforced. *Cia Anon Venezolana de Navegacion v. L Harris*, 374 F. 2d 33, 36

(5th Cir. 1967).[2] In the likewise controlling case of *J. Kahn and Co., Inc. v. Clark*, 178 F. 2d 111

(5th Cir. 1949) the former Fifth Circuit Court stated:

> Compromises of disputed claims are favored by the courts. *Williams v. First National Bank*, 216 U.S. 582, 30 S.Ct. 441, 445, 54 L.Ed. 625... Where the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might, or would have been, had the parties chosen to litigate rather than settle. *Hennessy v. Bacon*, *137 U.S. 78*, 11 S.Ct. 17, 34 L.Ed. 605; *Crisp County v. S. J. Groves & Sons Co.*, 5 Cir., 73 F.2d 327, 96 A.L.R. 391; … This court, in *Crisp County v. S. J. Groves & Sons Co.*, supra, held that *an agreement of the parties settling a disputed liability is as conclusive of their rights as a judgment would be if it had been* litigated instead of compromised ." (Emphasis added.)

178 F.2d at 114. Thus, the Court should summarily enforce the Settlement Agreement by entry of

a Final Judgment specifically requiring and liquidating the obligation to make all wage payments

as agreed in the court-approved settlement.

## CONCLUSION

Plaintiffs requests the Court summarily enter Final Judgment against Defendants in order

to enforce performance under the Settlement Agreement.

WHEREFORE, Plaintiff prays the Court summarily enforce settlement, by entering Final

Judgment against Defendants in the form attached as composite **Exhibit** "**2**", and that the Court

further award relief, including an award of attorney's fees and costs upon timely motion.

### CERTIFICATE OF GOOD FAITH CONFERENCE: UNABLE TO AGREE

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel conferred with counsel for Defendants by email and telephone conference on Wednesday July 15 and again on Friday, July 17, and again by exchange of emails on August 17, without any assurance that the most recent required payment will be cured or is otherwise forthcoming. There is no dispute that Defendant has failed to make payment required by the Court-approved settlement, and no assurance of payment by Defendants.

/s/ Anthony F. Sanchez
Anthony F. Sanchez

---

[2] /   The Eleventh Circuit has adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals entered on or before September 30, 1981. *Bonner v City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record and parties listed on the Service List below.

Anthony F. Sanchez, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:   305-665-9211
Fax:   305-328-4842
Email:   afs@laborlawfla.com

By:   /s/ Anthony F. Sanchez
         Anthony F. Sanchez
         Florida Bar No.789925

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
Email: afs@laborlawfla.com
Email: faz@laborlawfla.com
*Counsel for Plaintiff*
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel:   305-665-9211
Fax:   305-328-4842

G. Thomas Harper, Esq.
Florida Bar No.: 360880
Email: tom@employmentlawflorida.com
*Counsel for Defendants*
THE LAW AND MEDIATION OFFICES
OF G. TOM HARPER, LLC
Physical Address
1912 Hamilton Street, Suite 205
Jacksonville, Florida 32210
Mailing Address
P.O. Box 2757
Jacksonville, Florida 32203-2757
Tel:   904-396-3000
Fax:   800-393-5977
*Via Notice of Electronic Filing*