UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21592-CIV-GAYLES/OTAZO-REYES

ALEXANDER RAMIREZ, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

SUPERSONIC OF FLORIDA, INC.,
JUAN C. GONZALEZ, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Alexander Ramirez's ("Plaintiff" or "Ramirez") Bill of Costs [D.E. 26] and Verified Motion for Attorney's Fees and Costs [D.E. 29] (together, "Motion for Fees and Costs"). These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 34]. As more fully discussed below, the undersigned respectfully recommends that Plaintiff's Motion for Fees and Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 15, 2020, Plaintiff filed a three-count Complaint against his former employers, Defendants Supersonic of Florida, Inc. ("Supersonic") and Juan C. Gonzalez ("Gonzalez") (together, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"). See FLSA Complaint [D.E. 1].

On May 27, 2020, the parties notified the Court that they had settled the case. See Notice of Settlement [D.E. 15]. On June 8, 2020, the Court approved the parties' confidential settlement agreement (hereafter, "Settlement Agreement"), dismissed this action with prejudice, and retained

jurisdiction to enforce the terms of the Settlement Agreement. See June 8, 2020 Paperless Order [D.E. 20]. The Settlement Agreement "provides for an award of fees and costs incurred in any litigation brought to enforce the terms of the settlement" (hereafter, "Fees and Costs Provision") [D.E. 21 at 3].

On August 17, 2020, Plaintiff notified the Court that Defendants had breached the terms of the Settlement Agreement by failing to comply with their payment obligations. See Pl.'s Verified Motion to Enforce Court-Approved [DE 20] Settlement Agreement (hereafter, "Motion to Enforce Settlement Agreement") [D.E. 21]. Plaintiff requested that the Court "summarily enter Final Judgment against Defendants by way of enforcement of the Settlement Agreement, essentially reducing [Defendants'] obligation under the agreed terms of settlement in a way that permits Plaintiff to execute and levy against the assets of Defendants through supplementary proceedings in aid of execution." Id. at 3.

On December 2, 2020, the Court granted in part the Motion to Enforce Settlement Agreement, entered Final Judgment in favor of Ramirez and against Defendants, jointly and severally, in the amount of $10,000.00, and retained jurisdiction to "award costs and reasonable attorney's fees to be taxed against [Defendants] upon Plaintiff's motion and over any post-judgment supplementary proceedings in aid of execution." See Final Judgment [D.E. 25].

On December 31, 2020, Plaintiff filed his Bill of Costs requesting $610 in taxable costs incurred in litigating this action, plus $40.50 in costs incurred in obtaining certified copies of the Court's Final Judgment and recording same with the Osceola County Clerk of Court (hereafter, "Recording Costs"), for a total request of $650.50. See Bill of Costs [D.E. 26 at 1, 7-8].

On February 1, 2021, Plaintiff filed the Verified Motion for Attorney's Fees and Costs seeking "an award of attorney's fees and costs incurred and expended in connection with efforts

2

to enforce the Settlement Agreement and have Final Judgment entered against [Defendants], jointly and severally." See Verified Motion for Attorney's Fees and Costs [D.E. 29 at 2]. Therein, Plaintiff seeks a total of $6,705.00 in attorney's fees for work performed by his counsel, Anthony F. Sanchez, Esq. ("Attorney Sanchez"), and again seeks to recover the Recording Costs. Id. at 11. In support of his request for attorney's fees, Plaintiff submitted a Case Time Log [D.E. 29-1 at 1–2] detailing the tasks performed by Attorney Sanchez in attempting to enforce the Settlement Agreement and the time expended performing those tasks. Id.

Defendants have not filed a response in opposition to the Motion for Fees and Costs; and, as of May 14, 2021, Supersonic has failed to retain counsel and Gonzalez is proceeding *pro se*. See Order [D.E. 37] (granting on April 14, 2021 counsel for Defendants' Motion to Withdraw filed on February 9, 2021 [D.E. 30, 33]).

## DISCUSSION

1. **Entitlement to Attorney's Fees and Costs**

In accordance with the Settlement Agreement's Fees and Costs Provision, Plaintiff is entitled to the fees and costs sought in the Verified Motion for Attorney's Fees and Costs. See Motion to Enforce Settlement Agreement [D.E. 21 at 3]. However, Plaintiff is not entitled to recover the $610 listed in the Bill of Costs as taxable costs incurred in connection with the underlying litigation [D.E. 26 at 1-6] because those costs were included in the terms of the Settlement Agreement. Therefore, Plaintiff is only entitled to recover the Recording Costs.

2. **Calculation of Attorney's Fees**

Plaintiff requests a total of $6,705.00 in attorney's fees for 14.9 hours of work performed by Attorney Sanchez at a rate of $450.00 per hour in connection with his efforts to enforce the Settlement Agreement and have Final Judgment entered against Defendants. See Verified Motion

for Attorney's Fees and Costs [D.E. 29].

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). However, the "[C]ourt . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). "Satisfactory evidence may . . . include citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." Dan Van Tran v. City of Miami, No. 05-CV-21206, 2007 WL 9754448, at *4 (S.D. Fla. 2007).

Having reviewed Plaintiff's Case Time Log, the undersigned finds that the hours expended by Attorney Sanchez attempting to enforce the Settlement Agreement are reasonable.

With regard to his requested $450 hourly rate, Attorney Sanchez lists the following

credentials:

> [Attorney] Sanchez has been an attorney for over 30 years, and has a considerable amount of experience litigating and trying federal civil rights and labor law cases, including numerous conditionally certified class actions under the FLSA. Additionally, [Attorney] Sanchez has tried approximately thirty (33) cases to jury verdict, primarily in federal, but also in state court, and has argued legal positions which resulted in approximately twenty (20) published opinions or more in various federal and state courts.

See Verified Motion for Attorney's Fees and Costs [D.E. 29 at 9]. Additionally, Attorney Sanchez cites to three cases where "[c]omparable fee and cost awards as those sought by [him] here have been previously awarded and agreed to in prior, similar litigation." Id. at 9.

However, two of the cases cited by Attorney Sanchez are distinguishable because there the issue of attorney's fees was agreed to by the parties. See Rodriguez v. SMI Security Management, Inc., 09-CV-21671-KMM (S.D. Fla. 2010) [D.E. 111]; Rascon v. Midway Ford, 10-CV-20199-DLG (S.D. Fla. 2010) [D.E. 75]. Moreover, in the third case, the hourly rate sought by Attorney Sanchez and awarded was $375. See Velez v. Sereca Security Corp., 11-CV-22487-UU (S.D. Fla. 2012) [D.E. 42, 43].

Based on the undersigned's own experience and knowledge and review of Attorney Sanchez's credentials, the undersigned finds that the requested $450 hourly rate is excessive and that an hourly rate of $400 is reasonable and appropriate for an attorney of Attorney Sanchez's experience in conjunction with his efforts to enforce the terms of the Settlement Agreement. See Rodriguez v. Supersonic of Fla., Inc., No. 20-CV-23459, 2021 WL 965937, at *3 (S.D. Fla. Feb. 26, 2021) (reducing Attorney Sanchez's requested hourly rate from $450 to $400); Vasconcelo v. Miami Auto Max, No. 17-CV-21765-CV, 2018 WL 5020486, at *6 (S.D. Fla. 2018) (finding Attorney Sanchez's requested hourly rate of $400 to be reasonable).

Accordingly, the undersigned recommends that the attorney's fees be computed at the rate

of $400 per hour for 14.9 hours, for a total fee award of $5,960.00.

    **3.**    **Costs**

As noted above, Plaintiff is only entitled to recover the $40.50 Recording Costs, which the undersigned finds to be reasonable.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the Motion for Fees and Costs [D.E. 26, 29] be GRANTED IN PART and that Plaintiff be awarded **$5,960.00** in attorney's fees plus **$40.50** in costs for a total award of **$6,000.50**, for which Defendants shall be jointly and severally liable.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 7th day of June, 2021.

                                                          ALICIA M. OTAZO-REYES
                                                          UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF:

United States District Judge Darrin P. Gayles
Counsel of Record

Copies via <u>U.S. Mail</u>:

**<u>Supersonic of Florida, Inc.</u>**
5051 LB McLeod Road
Unit A
Orlando, FL 32811

**<u>Juan C. Gonzalez</u>**
1919 Absher Road
St. Cloud, FL 34771

5051 LB McLeod Road
Unit A
Orlando, FL 32811